UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LYDIA WILSON,   No. 11-10683

Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

On February 25, 2011, attorney Bram Dresden filed a Chapter 7 petition on behalf of debtor Lydia Wilson, who had been planning a bankruptcy filing with Dresden for several months. Wilson had obtained her credit counseling certificate on February 11, 2011.

On February 26, Dresden sent Wilson an email stating, "Your bankruptcy has been filed. The Case # is 11-10683." The email went on to instruct Wilson where and when to appear for her meeting of creditors.

On February 28, Wilson sent an email to Dresden beginning, "Thanks for letting me know." Her email went on to ask several questions regarding the bankruptcy, the hearing and the address of the bankruptcy court. She also asked about the balance of her fees due to Dresden, who responded that she had a balance due of $1,000.00, which "can be paid at any time before the Hearing on April 6th."

On March 7, 2001, Wilson obtained a Certificate of Debtor Education necessary for her to receive her Chapter 7 discharge. She also wrote to a creditor who had cancelled her credit card in which she referred to "my filed Chapter 7 bankruptcy action."

On March 18, 2011, the Chapter 7 Trustee made an unannounced visit to Wilson's jewelry store. Wilson became agitated that her business was involved in her bankruptcy, even though she

1

1 operated it as a sole proprietorship, as Dresden had evidently told her otherwise. Dresden then sent her
2 to a new attorney, who has filed a motion to dismiss the case on the ground that she never signed the
3 bankruptcy petition. The Trustee objects.

4 In a display of pretended befuddlement intended to excuse his conduct, Dresden testified that
5 he is a simple practitioner and that he became confused and pushed the wrong key on his computer and
6 filed Wilson's bankruptcy by mistake. The court does not believe a word of this testimony, and
7 believes it was concocted in order to undo what appears to be gross malpractice.[1] Dresden made no
8 attempt to contact the court to undo his mistake, as all attorneys are instructed to do in the training
9 Dresden admits he received. He sent an email to Wilson right after the filing telling her the case
10 number. He even asked Wilson for the balance of his fees. His conduct and the documentary evidence
11 completely belie his assertion that the filing was a mistake.

12 Even if the court bought Dresden's testimony that he filed the petition by mistake, Wilson has
13 clearly ratified the petition by her conduct. Ratification is the voluntary election by a person to adopt
14 in some manner as his own an act which was purportedly done on his behalf by another person, the
15 effect of which, as to some or all persons, is to treat the act as if originally authorized by him.
16 *Rakestraw v. Rodrigues*, 8 Cal. 3d 67, 73 (1972). Rest.2d Agency, §§ 82, 83, 100. An unauthorized
17 bankruptcy filing may be ratified by the debtor's subsequent conduct. *Hager v. Gibson,* 108 F.3d 35,
18 39-40 (4th Cir 1997), and cases therein cited. Any conduct manifesting an intent to treat an
19 unauthorized act as authorized, including failure to repudiate it, supports a finding of ratification.
20 *Rayonier v. Polson,* 400 F.2d 909, 915 (9th Cir. 1968).

21 Wilson takes the position, unsupported in the law as far as the court can see, that ratification
22 cannot be found where the debtor did not understand the ramifications of the act. She argues that
23 because she did not understand that her business was involved she could not have ratified the act of

---

[1] Among other things, Dresden seems to have failed to advise Wilson that unless UCC-1 financing statements have been filed, goods held by her on consignment may become property of the bankruptcy estate pursuant to Cal. Commercial Code § 2326(2).

1 filing. The court disagrees, and finds that ratification goes only to the unauthorized act. To hold
2 otherwise would give every debtor an argument for dismissal if the bankruptcy does not proceed as
3 intended.
4     In conclusion, the court does not find Dresden's testimony credible. However, even if it were
5 to believe his testimony the filing was ratified by Wilson herself. Accordingly, her motion will be
6 denied. Counsel for the Trustee shall submit an appropriate form of order.

Dated: May 3, 2011

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3