UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LYDIA WILSON,  No. 11-10683

Debtor(s).
_____/

Memorandum on Motion for Sanctions
_____

In this Chapter 7 case, attorney Bram Dresden admitted to filing the petition, schedules and statement of affairs without the debtor's signature. The court has already determined that Dresden at the very least acted incompetently in violation of Rule 3-110 of the California State Bar Rules of Professional Conduct and violated Rule 9011 of the Federal Rules of Bankruptcy Procedure by filing the bankruptcy papers without obtaining the client's signature. The court has referred to the Standing Committee on Professional Conduct the issue of whether Dresden's conduct crossed over from mere gross incompetence to active dishonesty.[1]

In this motion, Chapter 7 Trustee Linda Green seeks three things: return of Dresden's fees, discipline, and recovery of costs born by the estate for attorney Dresden's intentional acts in the amount of $22,615.049 for Trustee's Counsel and $9,485.00 for Trustee.

---

[1] One additional allegation is made here that was not discussed in the court's prior Memorandum: that Dresden actively falsified a bank balance. The court will ask the Standing Committee to consider this allegation as well.

1

1         The court already has dealt with the discipline issue.  Dresden clearly is not entitled to any fees
2 for such a bungled case and shall forfeit his fees.   The forfeited fees shall be paid to the Trustee
3 pursuant to  § 329(a)(1)(A) of the  Bankruptcy Code unless the debtor can show that the fees were
4 exemptible at the time of filing.   That leaves only the estate's claim for recovery of legal fees and
5 trustee fees.

6         The Trustee argues that by filing a petition, schedules and a statement of affairs that were not
7 actually signed by the client, the Trustee was forced to defend a motion to dismiss made by the debtor.
8 Moreover, the lack of signed papers have made her statutory duties pursuant to  § 704(a) much more
9 difficult.  She argues that Dresden ought to reimburse the estate for these expenses caused by his
10 wrongdoing.  Such compensation is permissible, pursuant to the court's inherent powers, provided that
11 Dresden acted in bad faith. *In re DeVille,* 280 B.R. 483, 495 (9th Cir. BAP 2002), aff'd 361 F.3d 539
12 (9th Cir. 2004).   Dresden argues that he made mistakes "based on inadvertence and lack of knowledge
13 but not with the intent to deceive."

14         The court finds that Dresden's conduct went far beyond inadvertence or lack of knowledge into
15 bad faith falsification.  Dresden does not deny that he unilaterally reduced a bank balance to a false
16 amount from the accurate figure his client gave him.  It does not take any sort of special knowledge to
17 know what the word "none" means, but in at least three places (jewelry, business fixtures, and property
18 held for another) the papers Dresden filed were materially false and *Dresden knew the truth.*
19 Moreover, Dresden lied to the court when he told the court that he had filed the case by mistake.  His
20 subsequent conduct and his admission that he sometimes filed documents without bothering to obtain
21 his clients' signatures completely belie this assertion and make the court feel strongly that Dresden has
22 no business practicing law.  The court has no difficulty finding that Dresden has acted in bad faith and
23 ought to make the estate whole for the extra expenses incurred by the Trustee as a direct result of his
24 bad faith conduct.

25         However, there is no basis for awarding the estate all of its fees to date as the Trustee seeks.
26 Much of the work done by counsel would have to be done anyway.  Fair compensation is only for the

2

extra work caused by Dresden's wrongdoing.  The Trustee has included no attorney time records in her motion, nor has she shown how any extra trustee fees have been incurred by the estate.  The court feels that $7,500.00 is sufficient to reimburse the estate for its extra expenses incurred as a result of Dresden's wrongful acts, and will order him to pay that amount to the estate.

    Counsel for the Trustee shall submit an appropriate form of order.

Dated: June 24, 2011

                        Alan Jaroslovsky
                        U.S. Bankruptcy Judge

3