UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LYDIA WILSON,                                                                 No. 11-10683

                               Debtor(s).
_____/

Memorandum on Motion for Sale Free and Clear
_____

      At the time her Chapter 7 bankruptcy petition was filed on Feb. 26, 2011, Lydia Wilson operated a jewelry business known as Marlowe & Co. Jewellers. Wilson's inventory included jewelry she owned as well as jewelry consigned to her. The consignors concede they did not file UCC-1 financing statements which would have perfected their interest in the goods. The Trustee of the bankruptcy estate, Linda Green, would like to sell all of the jewelry, including the consigned jewelry, in an online auction as part of her duty to expeditiously liquidate the assets of the estate. She has therefore moved the court for leave to sell all of the jewelry free and clear of consignor interests, with such interests attaching to the proceeds of sale.

      Several parties who consigned their jewelry to Wilson have objected to the motion. They argue that the consigned goods must be declared property of the estate before being sold. They assert that they should have the opportunity to show the court that they have perfected interests in the consigned jewelry, notwithstanding the lack of UCC-1 statements, and thereby are entitled to have their respective pieces returned to them rather than sold.

1

A sale free and clear of the disputed interests seems to be in the best interests of all parties, including the consignors. The jewelry would be turned into cash with the liens and interests attaching to the cash instead of the unsold jewelry. An auction appears to be the best way to maximize the selling prices, and consignors could always protect themselves by making appropriate bids. Still, the law is clear that the court cannot compel a sale of consigned jewelry sale free and clear of the interests of consignors until the property has been adjudicated property of the estate. 3 **Collier on Bankruptcy** (16th Ed), ¶ 363.06, p. 363-40, citing *In re Popp*, 323 B.R. 260 (9th Cir. BAP 2005); *In re Whitehall Jewelers Holdings, Inc.,* 2008 WL 2951974 (Bkrtcy.D.Del.2008); *In re Interiors of Yesterday, LLC*, 2007 WL 419646 (Bkrtcy.D.Conn.2007).

For the foregoing reasons, the Trustee's motion will be denied without prejudice to renewal once the consigned jewelry has been adjudicated to be property of the bankruptcy estate. The court will expedite that litigation as necessary.

Any party may submit an appropriate form of order.

Dated: July 8, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge